**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JODY MUMFORD,

Plaintiff,

v. Case No. 3:26-cv-2730-MMH-LLL

RICHARD LEWIS GAGE,

Defendant.
_______________________________/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On October 15, 2026, the Court directed Defendant to provide the Court with sufficient information to determine whether it has diversity jurisdiction over this action. See Jurisdictional Order (Doc. 10; Order). On November 4, 2026, Defendant filed Defendant's Response to Court's Order to Provide Amount in Controversy Information (Doc. 15; Response). However, despite giving Defendant the opportunity to provide additional information, the Court remains unable to conclude that it has subject matter jurisdiction over this action. This is so because Defendant fails to identify facts sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, this case is due to be remanded to state court.

In the Order, the Court explained that it could not discern whether the amount in controversy was met because Defendant based his allegations on a vague and conclusory demand letter. See Order at 5. Although Plaintiff in the demand letter made a demand of $300,000, he only itemized $29,838 in medical bills. See Response at 3–4. In his Response, Defendant again relies on the demand letter, see id. at 2, but notes that Plaintiff has continued treatment, and his medical bills had increased to an amount of $35,164 as of June 4, 2026, see id. at 4. $35,164 in known medical bills without more is still insufficient to establish that the amount in controversy exceeds $75,000. While Defendant also relies on information regarding Plaintiff's inability to participate in physical activities with his students and children, see id. at 9, this information was included in the demand letter the Court previously found to be insufficient and does little to explain how the amount in controversy exceeds $75,000. Defendant further argues that the amount in controversy inquiry is not limited to medical expenses already incurred. See id. at 7. But Defendant provides few details regarding any future medical care and no cost estimate for any ongoing medical care. See generally id. As such, any consideration of the cost of future medical care would be complete speculation. Finally, Defendant cites to the state court Civil Cover Sheet, in which Plaintiff states that the value of the case exceeds $100,000. See id. at 2. However, absent additional facts, reliance on the civil cover sheet is insufficient. See Cain v. Lowes Home Ctrs., LLC, No. 3:23-cv-790-

TJC-PDB, 2023 WL 5153482, at *1 (M.D. Fla. Aug. 10, 2023); Wade v. Evangelical Lutheran Good Samaritan Society, 6:21-cv-1838-ACC-DCI, 2021 WL 10396363, at *2 (M.D. Fla. Nov. 9, 2021); Potter v. Coastal Auto. Reconditioning, LLC, No. 3:21-cv-461-MMH-MCR, 2021 WL 2103073, at *2 (M.D. Fla. May 25, 2021). Given the lack of additional facts that Defendant alleges, neither the civil cover sheet nor the medical expenses incurred to date are enough to meet Defendant's burden to establish that the amount in controversy exceeds $75,000.

Notably, Defendant, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., 269 F.3d at 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). In its Order, the Court questioned the sufficiency of Defendant's allegations regarding the amount in controversy and provided Defendant with an opportunity to present

additional evidence to make a sufficient showing that the value of Plaintiff's claim exceeds $75,000. Defendant has failed to do so.

In light of the foregoing, the Court determines that despite being given an additional opportunity, Defendant has failed to satisfactorily establish by a preponderance of the evidence that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold. See Anderson v. Wilco Life Ins. Co., 943 F.3d 917, 925 (2019) ("When the plaintiff contests or the court questions the defendant's allegation [of the amount in controversy], the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient."). As such, this action is due to be remanded to the state court in which it was originally filed.

Accordingly, it is

**ORDERED:**

1. This case is **REMANDED** without prejudice to the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida.[1]
2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

---

[1] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on this 13th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc37

Copies to:

Counsel of Record

Clerk, Circuit Court, Seventh Judicial Circuit,
in and for St. Johns County, Florida